# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

MARLON WILLIAMS					PLAINTIFF
ADC # 115400


V.					4:07CV00792 WRW/HDY


PULASKI COUNTY DETENTION FACILITY;
JOHNSON, Deputy, Pulaski County Detention
Facility; SANCHEZ, Sgt., Pulaski County
Detention Facility; and JOHNSON, Sgt., Pulaski
County Detention Facility					DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction, commenced this action pursuant to 42 U.S.C. § 1983, alleging claims of excessive force that occurred while he was housed at the Pulaski County Detention Facility. The Court has granted *in forma pauperis* status to Plaintiff, and has commenced screening Plaintiff's allegations pursuant to the Prison Litigation Reform Act. For the reasons set forth herein, the Court recommends that Plaintiff's claims be dismissed, with prejudice, for failure to state a cognizable § 1983 claim within the applicable statute of limitations.

### I. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. §1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  A plaintiff's complaint still must contain allegations sufficient to state a claim as a matter of law and not merely conclusory allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

Plaintiff has named as a Defendant the Pulaski County Detention Center. Section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights.  However, a jail is not a person or entity subject to suit under § 1983. *(docket entry #) La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (upub. table op.) (affirming dismissal of county jail on grounds that a jail is not an entity subject to suit under § 1983).  Accordingly, the Pulaski County Detention Center should be dismissed as a party to this action.

Furthermore, as to the remaining individuals named as Defendants in this case, Plaintiff's cause of action must be dismissed against them as well.  Plaintiff has alleged that he was beaten by Defendants Sandez and Deputy Johnson, while Defendant Sergeant Johnson failed to intervene to

protect him from the assault. This incident occurred on June 26, 2004. The statute of limitations for § 1983 actions is the forum state's statute of limitations for personal injury actions,[1] which in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915(e) when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir.1992). Plaintiff filed the instant complaint on September 4, 2007, more than three years after the incidents in the complaint took place. As a result, it is clear from the face of the complaint that the statute of limitations has run, and this case should be dismissed pursuant to 28 U.S.C. § 1915(e).

### III. Conclusion

IT IS THEREFORE RECOMMENDED that:

1) This action be DISMISSED WITH PREJUDICE;

2) Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[2];

3) The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal

---

[1] Although state law determines the limitations period for filing § 1983 claims, federal law determines when a cause of action accrues. *White v. Garrison*, 70 F.3d 1276 (8th Cir. 1995) (unpublished table opinion). Under federal common law, a cause of action accrues when a plaintiff "discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Union Pacific R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998).

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." The Eighth Circuit has held that, if a plaintiff fails to exhaust available administrative remedies before initiating an action in federal court, the complaint fails to state a claim upon which relief may be granted. *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996); *Sharps v. United States Forest Serv.*, 28 F.3d 815 (8th Cir. 1994).

from any Order adopting these recommendations would not be taken in good faith.

DATED this   7   day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE